UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID HAIGLER,

    Plaintiff,                          Hon. Janet T. Neff

v.                                                Case No. 1:12 CV 1075

GRAND CANYON EDUCATION INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on several pre-answer motions filed by defendants, including motions to dismiss for improper venue. (*See, e.g.*, Dkts. ##13, 17, 24.) The Court has considered these motions as well as Plaintiff's responses thereto. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this matter be transferred to the United States District Court for the District of Arizona, Phoenix Division, on the ground that the Western District of Michigan is an improper venue for this matter.

**I.     Introduction**

David Haigler ("Plaintiff") initiated this action on May 25, 2012, in the United States District Court for the Eastern District of Michigan, alleging a variety of tort and contract actions stemming from his employment and termination by Grand Canyon Education, Inc. (Dkt. #1, 5). That court subsequently ordered Plaintiff to show cause why this matter "should not be transferred to the United States District Court for the District of Arizona or another appropriate venue." (Dkt. #3). After

considering Plaintiff's response, the matter was transferred to this District. (Dkt. #7). Because Plaintiff's alleged facts do not demonstrate that venue is proper in the Western District of Michigan, the undersigned recommends that this matter be transferred to the United States District Court for the District of Arizona, Phoenix Division.

**II.        Factual Allegations**

Plaintiff alleges the following in his amended complaint. (Dkt. #5). From September 2008 through April 2009, Plaintiff lived in Arizona where he worked for Grand Canyon Education, Inc. (Dkt. #5 at ¶¶ 14, 85). During the course of his employment with Grand Canyon, Plaintiff was dissatisfied and regularly reported alleged problems concerning a variety of matters, including training, favoritism towards certain employees, overtime pay, and unethical conduct by his co-workers and supervisors. (Dkt. #5 at ¶¶ 20-22, 30, 46-47). Plaintiff was eventually terminated. (Dkt. #5 at ¶ 85).

Following his termination, Plaintiff sought the services of two different Arizona attorneys in an attempt to bring legal action against Grand Canyon. (Dkt. #5 at ¶¶ 89, 97). Following Plaintiff's termination by Grand Canyon, members of the Church of Jesus Christ of Latter-Day Saints ("LDS Church") began harassing Plaintiff, due to the LDS Church's interests in protecting his former employer. (Dkt. #5 at ¶¶ 90-91, 149-50). This harassment included prank phone calls, sabotage of Plaintiff's computer, threats to Plaintiff's family, electronic monitoring of Plaintiff's family, and surreptitiously injecting Plaintiff with drugs "to control his behavior." (Dkt. #5 at ¶¶ 90-91, 149-50, 152). In September 2010, Plaintiff moved from Arizona to Michigan due to concerns for his family's safety. (Dkt. #5 at ¶ 154). Because this harassing behavior continued even after moving to Michigan, Plaintiff and his family later moved to Georgia. (Dkt. #5 at ¶¶ 3, 167-68). However, recent court filings indicate that Plaintiff is again residing in Michigan.

In May 2012, Plaintiff initiated the present action alleging, in part, wrongful termination by Grand Canyon; retaliation by the LDS Church; and ineffective assistance of the Arizona attorneys. (Dkt. #5 at ¶¶ 175-95). Plaintiff's complaint names nine parties, but only one of the parties is alleged to have contact with the state of Michigan - the LDS Church.[1] (Dkt. #5 at ¶¶ 3-10).

**III.     Analysis**

When venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue for civil actions in federal court is governed by 28 U.S.C. § 1391 which provides, in part, that venue is proper in the following districts: (1) a judicial district where any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

    A.     Section 1391(b)(1)

Section 1391(b)(1) applies when "all defendants are residents of the state in which the district is located." In this matter, Plaintiff has alleged claims against defendants residing in Arizona, Michigan, and Georgia. Therefore, venue in the Western District of Michigan is not proper under § 1391(b)(1).

---

[1] The Court notes that the LDS Church, by its very nature, has a significant presence in every state.

B.      Section 1391(b)(2)

Under § 1391(b)(2), venue is proper in "any forum in which a substantial part of the events or omissions giving rise to the claim occurred." *Heidenbreicht v. Nevilog Inc.*, 700 F. Supp.2d 820, 830 (E.D. Mich. 2010). However, even though § 1391(b)(2) allows venue to properly exist in multiple judicial districts, "the substantiality requirement remains a limiting principle for the protection of the defendant." *Sechel Holdings, Inc. v. Clapp*, 2012 WL 3150087, at *3 (W.D. Ky. 2012). "Substantiality is intended to preserve the element of fairness so that a defendant is not hailed into a remote district having no relationship to the dispute." *Id.* Accordingly, events or omissions that bear only a "tangential connection" to the claims cannot establish venue. *Clapp*, 2012 WL 3150087 at *3.

Plaintiff's claim originated in Arizona, against Arizona defendants, concerning events that allegedly occurred in Arizona. While Plaintiff argues that certain subsequent events occurred in this District, such are only tangentially related to Plaintiff's claims. In sum, the substantial events giving rise to this action occurred in the District of Arizona and, more importantly, no *substantial* events giving rise to this action occurred in this District. Therefore, venue in this District is improper under § 1391(b)(2).

C.      Section§ 1391(b)(3)

Finally, the fallback provision of § 1391(b)(3) is presently inapplicable. Pursuant to § 1391(b)(3), "if there is no district in which an action may otherwise be brought," it may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). This provision is inapplicable for the simple reason that venue is proper in the District of Arizona.

## CONCLUSION

For the reasons articulated herein, venue is improper in the Western District of Michigan. The undersigned, therefore, recommends that this matter be transferred to the United States District Court for the District of Arizona, Phoenix Division, pursuant to 28 U.S.C. § 1406(a).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 9, 2013  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge